UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN W. FINK, | Civil Action No. 12-4125 (NLH)(KMW) |
| Plaintiff, | |
| v. | OPINION |
| J. PHILIP KIRCHNER, and FLASTER/GREENBERG P.C., | |
| Defendants. | |

**APPEARANCES:**

JOHN W. FINK
6812 YELLOWSTONE BLVD.
APT. 2V
FOREST HILLS, NY 11375
    Appearing *pro se*

ANTHONY LONGO
PATRICK B. MINTER
CHRISTOPHER J. CAREY
GRAHAM CURTIN, PA
4 HEADQUARTERS PLAZA
PO BOX 1991
MORRISTOWN, NJ 07962
    On behalf of defendants

**HILLMAN**, District Judge

    Presently before the Court is the motion of defendants for summary judgment in their favor on plaintiff's legal malpractice and other related claims.  Also pending is plaintiff's motion seeking, essentially, the stay of defendants' summary judgment motion until the close of discovery, at which time plaintiff

states he will file his opposition.[1] For the reasons expressed below, the parties' motions will be granted in part and denied in part.

## BACKGROUND

Plaintiff, John Fink, now appearing *pro se* even though he began this case represented by counsel, is no stranger to this Court. The current matter is related to three other actions filed by plaintiff, all of which concern plaintiff's loan to Advanced Logic Systems, Inc. ("ALSI").[2] When deciding

---

[1] Plaintiff argues that defendants' motion to dismiss filed at the inception of this case constitutes defendants' "first summary judgment motion," and that their attempt now to obtain summary judgment on the same three claims they tried to dismiss earlier is improper duplication. Plaintiff also argues that defendants cannot assert different legal arguments for the dismissal of his claims. Despite plaintiff's displeasure with defendants filing multiple motions, defendants' actions are not improper or injudicious. The procedural postures and legal standards for a motion to dismiss filed pursuant to Federal Rule Civil Procedure 12(b)(6) and a motion for summary judgment filed pursuant to Rule 56 are different, and each serves a discrete litigation purpose. Moreover, nothing in the Rules precludes a party from filing successive motions to dismiss or summary judgment motions, if justified by the circumstances of the case, see Fed. R. Civ. P. 56(a), and nothing in the Rules precludes a motion for summary judgment from being filed while discovery is ongoing, see Fed. R. Civ. P. 56(b), although the Rules provide relief for an opposing party to object to a pre-closed-discovery summary judgment motion, see Fed. R. Civ. P. 56(d).

[2] Fink v. EdgeLink, Civ. A. No. 09-5078 (D.N.J.); In re Advanced Logic Systems, Inc., Civ. A. No. 12-4479 (D.N.J.); Fink v. Bishop, Civ. A. No. 13-3370 (D.N.J.). Fink was unmeritorious in all of these cases, and Fink appealed the Court's decisions. The Third Circuit Court of Appeals affirmed this Court in all three cases.

defendants' motion to dismiss in this case, the Court summarized plaintiff's claims, which are restated here for reference:

In 2001, Fink had been a financial consultant for ALSI, but he eventually entered into a series of credit agreements with ALSI to provide working capital to the company's operations. Plaintiff provided over $500,000 to ALSI, and in return, he received rights to purchase a certain amount of stock in ALSI. The financial condition of ALSI deteriorated, litigation between plaintiff and ALSI ensued in March 2003, and eventually the parties settled in March 2006.  After paying only half of the million dollar settlement to plaintiff, ALSI filed for bankruptcy in 2008.  In order to recoup the $60 million plaintiff believes he is owed, plaintiff attempted to collect the debt from EdgeLink, Inc., an entity plaintiff claimed was a successor-in-interest to ALSI.[3]  Plaintiff also sought to reopen ALSI's bankruptcy in order to allow the trustee to investigate what plaintiff contended was a theft of ALSI's missing assets.[4]

In this lawsuit, plaintiff has brought claims against the

---

[3]Judgment was entered in EdgeLink's favor on summary judgment. (See Fink v. EdgeLink, Civ. A. No. 09-5078 (D.N.J.).)

[4]This Court denied Fink's appeal of the bankruptcy court's order denying his request to reopen ALSI's bankruptcy.  (See In re Advanced Logic Systems, Inc., Civ. A. No. 12-4479 (D.N.J.).)

lawyer, J. Phillip Kirchner, and his law firm, Flaster/Greenberg, P.C., which represented plaintiff in his attempts to complete his settlement agreement with ALSI, and in plaintiff's efforts to enforce his rights under a warrant agreement to purchase shares of ALSI stock.[5] In defendants' efforts to assist plaintiff with his legal matters, plaintiff claims that Kirchner altered an email submitted to the arbitrator presiding over an arbitration between plaintiff and ALSI.  Plaintiff claims that the arbitrator's decision was affected, to plaintiff's detriment, by the issues concerning the altered email.  The altered email incident also lead to a New Jersey Disciplinary Review Board ethics complaint against Kirchner, in which plaintiff participated.

   Plaintiff also claims that the arbitrator's decision revealed to him that defendants were not working in plaintiff's best interests, but instead defendants were acting in the interests of the firm to maximize billing.  Relatedly, plaintiff claims that in defendants' attempts to collect payment for their legal fees - totaling over $650,000 - Kirchner tried to extort

---

[5]Fink also claims that defendants assisted in his appeal of the summary judgment entered in favor of AFFLINK, which was an entity Fink sued along with ALSI in his 2003 lawsuit.

4

money from plaintiff.  Plaintiff claims that when Kirchner was subpoenaed to testify in a case involving plaintiff and another law firm, Kirchner stated that he would only testify on plaintiff's behalf if plaintiff paid his outstanding bill to the firm.[6]  Based on these allegations, plaintiff claims that defendants have committed legal malpractice and fraud, and breached their fiduciary duty.[7]

Defendants have moved for summary judgment in their favor on all of plaintiff's claims.  Plaintiff has opposed defendants' motion, primarily on the basis that discovery should be completed prior to the Court's resolution of defendants' motion.

## DISCUSSION

### A.  Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

---

[6] Fink's complaint contains passages of what Fink claims are transcriptions of secretly recorded conversations between Fink and Kirchner.

[7] In resolving defendants' motion to dismiss, the Court allowed all of plaintiff's claims to proceed, except for his intentional infliction of emotional distress claim.
5

5

B.   **Standard for Summary Judgment**

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  <u>Id.</u>  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." <u>Marino v. Industrial Crating Co.</u>, 358 F.3d 241, 247 (3d Cir. 2004)(quoting <u>Anderson</u>, 477 U.S. at 255).   Initially, the moving party has the burden of demonstrating the absence of a

6

genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

    **C.**  **Analysis**

Defendants argue that plaintiff's legal malpractice claim fails for two reasons.  First, defendants argue that no facts support a claim that the altered email affected the outcome of the arbitration.  Second, defendants contend that plaintiff cannot prove any damages relating to the outcome of the arbitration. The Court agrees with defendants on both points.

Proximate cause is an essential element of a legal malpractice claim.  Atl. Research Corp. v. Robertson, Freilich, Bruno & Cohen, L.L.C., No. A-2286-13T4, 2015 WL 10322006, at *9 (N.J. Super. Ct. App. Div. Feb. 22, 2016) (citing Jerista v.

7

Murray, 883 A.2d 350, 359 (N.J. 2005)).  The test of proximate cause is satisfied where the negligent conduct is a substantial contributing factor in causing the loss.  Lamb v. Barbour, 455 A.2d 1122, 1125 (N.J. Super. Ct. App. Div. 1982), cert. denied, 93 N.J. 297 (1983) (citations omitted).  The burden of proof is on the client, and it must be carried by the presentation of competent credible evidence which proves material facts - it cannot be satisfied by conjecture, surmise or suspicion.  Id.  Moreover, only where the attorney breaches his duty is he answerable in damages for losses which are proximately caused by his negligence.  Id.

    Three years after the arbitration decision, plaintiff, through counsel, filed a motion to reopen the arbitration.[8]  In his motion to reopen, plaintiff argued that the decision of the arbitrator, Judge Serpentelli, "made explicit reference to the altered email in a manner reflecting adversely on Plaintiff's credibility, [and] it is only reasonable that the Plaintiff have an opportunity to submit evidence not available at the time of the arbitration which would conclusively prove Plaintiff's non-involvement with the alteration of the exhibit and should lead

---

[8] The arbitrator, Judge Serpentelli, issued his decision on July 2, 2008.  Plaintiff filed his motion to reopen on May 2, 2011.

to a different result in the Arbitrator's weighing of the evidence." (Docket No. 159-25 at 4.) Plaintiff requested that he "should be given the opportunity to demonstrate his blamelessness in connection with the email alteration so as to dispel the manner in which this incident reflected adversely on the Plaintiff in the decision of this case." (Id. at 2.)

Judge Serpentelli rejected plaintiff's motion to reopen, explaining:

> I am thoroughly satisfied that the alteration of Exhibit P-86 and the passing comment made to that document at page 25 of the Arbitrator's Decision was of no significance in the result reached by the Arbitrator. As to the altered document, the Arbitrator reached no conclusion regarding who changed it. Therefore, it cannot be assumed that the fact of the alteration caused a negative credibility inference with regard to the plaintiff. In any event, the decision was based on the overarching failure of the plaintiff to carry the burden of proof which was unaffected by the circumstance upon which the motion to reopen was based.

(Docket No. 159-26 at 2.)

The arbitrator's denial of plaintiff's motion to reopen the arbitration is fatal to plaintiff's legal malpractice claim. Even if Kirchner altered the email as plaintiff claims, the arbitrator did not place any significance on the email in his decision. Plaintiff may wholeheartedly believe that the arbitrator's decision was affected by the implication that he was involved in the alteration of an email. Plaintiff cannot,

9

however, provide any facts to dispute the arbitrator's own words to the contrary.  No amount of discovery will change that result.

Additionally, ALSI's bankruptcy, as well as plaintiff's three failed lawsuits to recoup money from ALSI or its purported successors and related parties, all demonstrate that even if plaintiff received the arbitration decision he desired, he would not have been able to collect on that arbitration award.  Consequently, because no amount of additional discovery would change this outcome, the Court finds that defendants are entitled to summary judgment on plaintiff's claim of legal malpractice arising out of the arbitration.

Defendants have also moved for summary judgment on plaintiff's breach of fiduciary duty and fraud claims related to plaintiff's claims that they tried to extort exorbitant attorneys' fees by intentionally pursuing certain litigation tactics.  Defendants argue that the chronology and content of their representation of plaintiff shows no facts support a finding that they breached their fiduciary duties[9] to plaintiff,

---

[9] The essence of a fiduciary relationship is that one party places trust and confidence in another who is in a dominant or superior position.  A fiduciary relationship arises between two persons when one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship.  The fiduciary's obligations to the

10

or committed fraud.[10]

Although close to completion, discovery is still ongoing, and plaintiff has argued that he is unable to present his opposition to defendants' motion without completed discovery. Thus, defendants' motion for summary judgment is substantively unopposed by plaintiff.

Federal Civil Procedure Rule 56(d) addresses the situation when a nonmovant cannot present facts essential to justify his opposition to a summary judgment motion. In that situation, a court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d).

Because the Court would like to consider plaintiff's proffered evidence in support his breach of fiduciary duty and

---

dependent party include a duty of loyalty and a duty to exercise reasonable skill and care. Accordingly, the fiduciary is liable for harm resulting from a breach of the duties imposed by the existence of such a relationship. McKelvey v. Pierce, 800 A.2d 840, 859 (N.J. 2002) (citations omitted).

[10]The five elements of common-law fraud are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997).

fraud claims in order to fully consider the merits of defendants' summary judgment motion, and because discovery will be completed in a few weeks, the Court will deny defendants' motion as it relates to the breach of fiduciary duty and fraud claims.  The Magistrate Judge's most recent discovery order directed that dispositive motions shall be filed with the Clerk of the Court no later than April 22, 2016.  (Docket No. 215.)  Accordingly, defendants shall refile their summary judgment motion as to plaintiff's breach of fiduciary duty and fraud claims,[11] and plaintiff's opposition, and defendants' reply, shall be due in accordance with the Local Rules.   See Local Civ. R. 7.1 and 78.1(a).

## **CONCLUSION**

For the reasons expressed above, defendants are entitled to summary judgment in their favor on plaintiff's legal malpractice claims.  Defendants' motion for summary judgment as to plaintiff's breach of fiduciary duty and fraud claims will be denied without prejudice.  The parties are directed to comply with the Magistrate Judge's most recent discovery order and the

---

[11] So as to not waste defendants' resources, defendants may simply refile their current motion, edited to remove their argument as to plaintiff's legal malpractice claims.  Defendants are not precluded, however, from filing an updated or supplemented version of their motion as to plaintiff's breach of fiduciary duty and fraud claims if they wish to.

Local Rules with regard to the filing of subsequent dispositive motions.

An appropriate Order will be entered.

Date: April 5, 2016  s/ Noel L. Hillman
At Camden, New Jersey  NOEL L. HILLMAN, U.S.D.J.

13