**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN W. FINK, | 1:12-cv-04125-NLH-KMW |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| J. PHILIP KIRCHNER, and FLASTER/GREENBERG P.C., | |
| Defendants. | |

**APPEARANCES:**

JOHN W. FINK
6812 YELLOWSTONE BLVD.
APT. 2V
FOREST HILLS, NY 11375
    Appearing *pro se*

ADAM JEFFREY ADRIGNOLO
ANTHONY LONGO
CHRISTOPHER J. CAREY
WILLIAM DOBBINS TULLY, JR.
GRAHAM CURTIN, PA
4 HEADQUARTERS PLAZA
PO BOX 1991
MORRISTOWN, NJ 07962
    On behalf of Defendants

**HILLMAN**, District Judge

    WHEREAS, on December 20, 2016, this Court granted summary judgment in Defendants' favor on Plaintiff's claims against his lawyer, Defendant J. Philip Kirchner, and Kirchner's law firm, Defendant Flaster/Greenberg P.C., arising out of Kirchner's representation of Plaintiff in 2006-08 on Plaintiff's claims against Advanced Logic Systems, Inc. ("ALSI") concerning

Plaintiff's loan to ALSI in 2001 (Docket No. 301, 302); and

WHEREAS, the Court found that Plaintiff's claims for legal malpractice, breach of fiduciary duty, fraud, fraudulent concealment, and spoliation failed, *inter alia*, because he could not prove the essential element of causation for any of his claims; and

WHEREAS, Plaintiff has filed a motion for reconsideration of the Court's decision pursuant to Local Civil Rule 7.1(i) and Federal Civil Procedure Rule 60; and

WHEREAS, a motion for reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i):  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Id.  A motion for reconsideration may not be used to

re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); U.S. v. Tuerk, 317 F. App'x 251, 253 (3d Cir. 2009) (quoting Mayberry v. Maroney, 529 F.2d 332, 336 (3d Cir. 1976)) (stating that "relief under Rule 60(b) is 'extraordinary,' and 'may only be invoked upon a showing of exceptional circumstances'"); and

   WHEREAS, the Court has thoroughly considered Plaintiff's 28-page moving brief, and his 15-page reply brief, as well as Defendant's opposition brief; and

   WHEREAS, the Court finds that Plaintiff's motion does not meet any of the three bases for the Court to reconsider its decision on its December 20, 2016 Opinion, or any other prior Opinions Plaintiff has challenged and believes that his challenge remains unresolved; and

   WHEREAS, the Court further finds that the appellate process

is the proper context to raise his disagreements with the Court's decisions[1];

Therefore,

IT IS on this   25th   day of   July   , 2017

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's motion for reconsideration [316] be, and the same hereby is, DENIED; and it is finally

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

                                          s/ Noel L. Hillman
                                       NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

[1] Indeed, prior to filing his motion for reconsideration, Plaintiff filed an appeal with the Third Circuit Court of Appeals. (Docket No. 311.) That appeal has been stayed pending this Court's resolution of Plaintiff's motion for reconsideration. (Docket No. 319.)